# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JACQUELINE STOWERS,** *et al.***,** | : | **Case No. 1:09-CV-264** |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **ROBERT J. BOGGS,** *et al.***,** | : | <u>**OPINION & ORDER**</u> |
| **Defendants.** | : | |

Pending before the Court is the *Plaintiffs' Combined Motion to Amend and Motion to Remand* (Doc. 6) ("Plaintiffs' Motion"), in which the Plaintiffs seek the following:  (1) to amend their Complaint[1] to eliminate their federal causes of action; (2) to amend their Complaint to add an additional party; and (3) to remand the case to the Lorain County, Ohio Court of Common Pleas.

For the reasons articulated herein, the Plaintiffs' Motion is **GRANTED IN PART**. Specifically, the Court orders that:  (1) the Plaintiffs shall be permitted to amend their Complaint to eliminate their federal causes of action; and (2) the case shall be remanded to the Lorain County, Ohio Court of Common Pleas.  Given the decision to remand the case, however, the Court declines to address whether the Plaintiffs should be permitted to amend their Complaint to add an additional party and leaves that question for resolution by the state court upon remand.

---

[1] The Plaintiffs amended their Complaint once in state court before the Defendants had filed any responsive pleadings.  (Doc. 1-2; Doc. 1-3; *see also* Doc. 8 at 2-3.)  Consequently, the Plaintiffs technically seek to amend their First Amended Complaint.  However, for ease of reference, and because the parties have adopted this terminology, the Court hereinafter uses the term "Complaint" to reference the Plaintiffs' First Amended Complaint, and the term "Amended Complaint" to reference the Plaintiffs' proposed Second Amended Complaint that was filed contemporaneously with their pending motion.  (*See* Doc. 6 at 3 n.2; Doc. 6-2.)

# I. BACKGROUND

On December 17, 2008, the Plaintiffs – John and Jacqueline Stowers and Manna Storehouse, LLC – filed this case against the Defendants – Robert J. Boggs, Director of the Ohio Department of Agriculture ("ODA"), and the Lorain County General Health District ("Health District")[2] – in the Lorain County, Ohio Court of Common Pleas.  (Doc. 1-2.)  According to the Complaint, the Stowers operate a small, membership-oriented organic food cooperative and/or buying club named Manna Storehouse on their property in LaGrange, Ohio.  (Doc. 1-3.)  On December 1, 2008, pursuant to a search warrant issued by the Lorain County, Ohio Court of Common Pleas,  the ODA, the Health District, and local law enforcement officials searched the Stowers' property – both their personal residence and the portion of their property dedicated to Manna Storehouse – in an attempt to determine whether the Stowers were operating an unlicensed retail food establishment in violation of Ohio Revised Code § 3717.31.  (*Id.*)  During execution of the warrant, the authorities seized the Stowers' personal food supply, personal cell phones, and personal records.  (*Id.*)  While the Plaintiffs now acknowledge that the cell phones have since been returned, the Plaintiffs assert that the Defendants are still retaining the Stowers' food and records in an undisclosed location and refuse to return the items.  (Doc. 6 at 3.)

In their Complaint, the Plaintiffs bring eight separate causes of action, including claims for the following:  (1) unlawful search and seizure; (2) violations of equal protection; (3) violations of due process; (4) unlawful exercise of administrative authority; (5) unlawful application of state police power; (6) violation of inalienable and retained rights; (7) taking of private property without

---

[2]  The Plaintiffs also named the Ohio Attorney General as a Defendant.  (*See* Doc. 1-2; Doc. 1-3.)  On January 29, 2009, the Lorain County, Ohio Court of Common Pleas granted the Ohio Attorney General's unopposed motion to dismiss.  (Doc. 1-4.)

compensation; and (8) replevin and mandamus.  (Doc. 1-3.)  Of these eight distinct causes of action, all reference Ohio law, and only the first three claims cite to federal law – *i.e.*, (1) unlawful search and seizure in contravention of the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution; (2) violations of equal protection in contravention of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution; and (3) violations of due process in contravention of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. (*Id.*)  The remaining five causes of action are solely state-based claims.  (*Id.*)[3]

On February 4, 2009, the Defendants jointly removed the case to this Court.  (Doc. 1.)  The Defendants asserted that the case was properly removable under 28 U.S.C. § 1441, because this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the causes of action arising under federal law and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related causes of action arising under Ohio law.  (*Id.*)

The Defendants then timely answered the Plaintiffs' Complaint.  (Doc. 2; Doc. 5.)[4]

On March 3, 2009, the Plaintiffs then filed the pending motion to amend their Complaint and to remand the case to the Lorain County, Ohio Court of Common Pleas.  (Doc. 6.)  Each Defendant has filed a separate brief in opposition to the Plaintiffs' Motion (Doc. 8; Doc. 9), and the Plaintiffs have filed a reply (Doc. 10).  Accordingly, the motion is now ripe for resolution.

---

[3]  In this regard, the Plaintiffs specifically point out that they have not brought a cause of action under 42 U.S.C. § 1983 for monetary relief.  (Doc. 6 at 3-4.)  Instead, the Plaintiffs only request declaratory and injunctive relief.  (Doc. 1-3; *see also* Doc. 6 at 3-4.)

[4]  The Defendants' Answers primarily contain denials to the allegations set forth in the Complaint.  (*See id.*)

## II. LAW & ANALYSIS

**A.    THE PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT TO ELIMINATE THEIR FEDERAL CAUSES OF ACTION IS GRANTED**

The Plaintiffs first seek to amend their Complaint to eliminate all federal causes of action. The Plaintiffs state that they "are merely trying to establish a state-based tone to their Complaint" and that the current citations to federal constitutional law in their Complaint "are merely duplicative and dispensable."  (Doc. 6 at 9-10.)

The Defendants – both the ODA and the Health District – do not oppose the Plaintiffs' Motion to the extent the Plaintiffs seek leave to delete their federal claims.  (Doc. 8 at 3 ("ODA does not object to the deletion of the federal causes of action through the filing of an amended complaint."); *see generally* Doc. 9 (opposing only the Plaintiffs' efforts to have the case remanded).)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its complaint after being served with a responsive pleading "only with the opposing party's written consent or the court's leave."  The Court, however, "should freely give leave when justice so requires."  *Id.*  A motion to amend should be denied only "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Here, given the Defendants' lack of objections to this portion of the Plaintiffs' Motion, and the "liberal policy of permitting amendments" under Rule 15(a)(2), *see Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005), the Court grants the Plaintiffs leave to amend their Complaint to eliminate their federal causes of action.  Accordingly, Plaintiff's Amended Complaint – at least to the extent that it deletes all references to federal law – should now be considered properly filed before the Court.  (*See* Doc. 6-2.)

**B.      THE PLAINTIFFS' MOTION TO REMAND IS GRANTED**

The Plaintiffs next seek to remand the case to the Lorain County, Ohio Court of Common Pleas.  While the Plaintiffs readily concede that the Defendants' removal was legally appropriate (*see* Doc. 10 at 5 n.7),[5] the Plaintiffs argue that the case should now be remanded, because all federal claims have been eliminated and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Both Defendants oppose the Plaintiffs' efforts to remand the case.  First, the Health District contends that remand would be improper, because, even after the amendment of the Plaintiffs' Complaint, the Court has jurisdiction under the substantial federal question doctrine since the Plaintiffs' constitutional claims would be interpreted identically under either the United States or Ohio Constitutions.  In other words, the Health District asserts that "any state claim would be identical to a federal claim and [thus] a substantial federal question would be present."  (Doc. 9 at 5.)  Second, the ODA, by contrast, does not argue that the substantial federal question doctrine applies, but instead argues that, even though the federal causes of action have been deleted from the Plaintiffs' Complaint, the Court nevertheless should exercise its discretion to retain jurisdiction because the Plaintiffs are engaging in forum manipulation.

Upon a thorough review of the parties' arguments and the applicable law, the Court disagrees with both of the Defendants and concludes that the case should be remanded.

---

[5]  In light of this concession, the Court questions why the Plaintiffs contend that the Defendants were forum-shopping.  (*See* Doc. 10 at 3-4.)  Because the Defendants simply took advantage of their lawful right to remove this case based on the federal constitutional claims alleged in the Complaint, the Court rejects the Plaintiffs' argument that the Defendants acted improperly or were engaged in forum manipulation.

First, the Health District's argument that the Court has substantial federal question jurisdiction over the Plaintiffs' Amended Complaint is without merit.

While it is true that the substantial federal question doctrine gives this Court the power to adjudicate cases that contain only state law claims if those claims implicate significant federal issues, the doctrine does "not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *See Carn v. BOC Group*, No. 1:06-CV-17087, 2008 WL 5244785, at *2-3 (N.D. Ohio Dec. 15, 2008) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). And, it certainly does not justify jurisdiction merely because state courts have at times looked to federal law for guidance in interpreting state constitutional or statutory principles. Rather, the relevant inquiry is the following: "[D]oes a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Carn*, 2008 WL 5244785, at *3 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2006)); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc) ("The substantial-federal-question doctrine has three parts: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities.").

Here, the Health District does not provide any legal support for its novel proposition that the substantial federal question doctrine applies where an independent state claim might be interpreted by reference to case law applying a corresponding principle under federal law. Moreover, in an independent search of the case law, the Court has not found any support for the Health District's

position, particularly in light of the well-established principle that individual state courts, including Ohio courts, "are free to construe their state constitutions as providing different or even broader individual liberties than those provided under the federal Constitution." *Arnold v. City of Cleveland*, 616 N.E.2d 163, 168 (Ohio 1993). Instead, the Court's review of the case law reveals that federal jurisdiction should be invoked via the substantial federal question doctrine only under "exceptional" circumstances, *see MacManus v. Chattanooga-Hamilton County Hosp. Auth.*, No. 1:08-CV-96, 2008 U.S. Dist. LEXIS 40490, at *27-28 (E.D. Tenn. May 19, 2008) (citing *Mikulski*, 501 F.3d at 565), and that the Health District's unsupported argument for extension of the doctrine should be rejected, *cf. Austin v. American Gen. Fin.*, 900 F. Supp. 396, 399 (M.D. Ala. 1995) ("Although the source of the state-court judgment may lie in federal constitutional law, it is still the state court's judgment, and not federal law, that [plaintiff] seeks to have enforced." (quoting *Stone v. Williams*, 792 F. Supp. 749, 755 (M.D. Ala. 1992)). The mere fact that an analogy to federal law might occur in the context of analyzing a state law claim does not yield federal jurisdiction, and the Health Department's naked assertion to the contrary does not make it so in this case. *Cf. Carn*, 2008 WL 5244785, at *3. Accordingly, the Health District's invocation of the substantial federal question doctrine to oppose the Plaintiffs' attempt to remand is not well-taken.

Second, after having established that all the remaining claims in the Plaintiffs' Amended Complaint are founded solely on Ohio law, the Court declines to exercise its discretion to retain jurisdiction over these supplemental claims despite the ODA's arguments.

Both the Plaintiffs and the ODA acknowledge that, "if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." *Stayrook v. Verizon Wireless Servs., LLC*, No. 1:06-CV-2049, 2007 U.S. Dist. LEXIS 38718, at *10 (N.D. Ohio May 29, 2007) (citing *Eastman v. Marine Mechanical Corp.*, 438 F.3d

544, 551 (6th Cir. 2006)); *see also Carlbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1867

(2009).  In this regard, the Sixth Circuit has noted that a district court must balance several interests

when deciding whether to resolve supplemental state law claims on the merits:

> A district court should consider the interests of judicial economy and the avoidance
> of multiplicity of litigation and balance those interests against needlessly deciding
> state law issues. . . . The court also may consider whether the plaintiff has used
> 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by
> deleting all federal-law claims from the complaint and requesting that the district
> court remand the case.'  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)
> ("If the plaintiff has attempted to manipulate the forum, the court should take this
> behavior into account in determining whether the balance of factors to be considered
> under the pendent jurisdiction doctrine support a remand in the case.").

*Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (omitting some internal

quotations and citations); *see also Bauer v. Trimble*, No. 5:07-CV-489, 2007 U.S. Dist. LEXIS

59733, at *12 (N.D. Ohio Aug. 15, 2007) ("Factors to consider in remanding include comity, judicial

economy, convenience, and fairness to litigants.").  The Sixth Circuit, however, also has noted

repeatedly that, "[w]hen all federal claims are dismissed before trial, the balance of considerations

usually will point to dismissing the state law claims, or remanding them to state court if the action

was removed." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007); *see also,*

*e.g.*, *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, as in most cases where the federal claims are dismissed before trial, the Court finds

that the balance of the relevant interests favors remand of the Plaintiffs' state law claims.  While the

Plaintiffs concede that they eliminated their federal constitutional claims in an effort to litigate in

state court, such that the interest of fairness arguably (albeit somewhat weakly) militates in favor

of the Court retaining jurisdiction, the other interests still strongly support remand.  For example,

the interest of judicial economy weighs heavily in favor of remand, as this case is in the initial stages

of litigation, and neither the Court nor the parties have exerted significant time or effort to address

the merits of the Plaintiffs' state law claims.  In fact, the Court has not even held a scheduling conference pursuant to Fed. R. Civ. P. 16 or established a case management plan, and the parties have not conducted any discovery or filed any dispositive motions.  *Compare Harper*, 392 F.3d at 211 (holding that the district court did not abuse its discretion in its decision to exercise supplemental jurisdiction over remaining state law claims where the case had been on the court's docket for eleven months, the parties had completed discovery, the defendants' motions for summary judgment were ripe for resolution, and the court was familiar with the facts of the case and had made several substantive rulings).  Further, the interest of comity also weighs heavily in favor of remand, given the Plaintiffs' apparent desire to argue that the protections outlined by the Ohio Constitution are more extensive than the protections afforded by their federal counterparts – *i.e.*, arguments that would be more appropriately left to the state court to decide.  And finally, the interest of convenience, while maybe not weighing heavily in favor of remand because of the relatively close physical proximity between this Court located in Cuyahoga County and the Lorain County, Ohio Court of Common Pleas, at least supports remand, because all of the parties and witnesses reside in or have permanent presences in Lorain County.  Accordingly, in light of the elimination of Plaintiffs' federal claims and based on the balance of the relevant interests analyzed above, the Court declines to exercise jurisdiction and remands this case to state court.  *Accord, e.g.*, *Clayton v. Decision One Mortg. Corp.*, No. 09-10458, 2009 U.S. Dist. LEXIS 46680 (E.D. Mich. June 2, 2009); *Prince v. Ky. High Sch. Ath. Ass'n*, No. 5:08CV-195-JHM, 2009 U.S. Dist. LEXIS 3436 (W.D. Ky. Jan. 16, 2009); *Kelly v. Union Elec. Co.*, No. 07-04210-CV-C-NKL, 2008 U.S. Dist. LEXIS 425 (W.D. Mo. Jan. 3, 2008); *Bauer*, 2007 U.S. Dist. LEXIS 59733; *Stayrook*, 2007 U.S. Dist. LEXIS 38718; *Horen v. Bd. of Educ.*, No. 3:06-CV-1635, 2006 U.S. Dist. LEXIS 66925 (N.D. Ohio Sept. 19, 2006); *State ex rel. Pierotti v. 777 N. White Station Road*, 937 F. Supp. 1296 (W.D.

Tenn. 1996).

**C.    THE PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT TO ADD AN ADDITIONAL PARTY IS LEFT FOR RESOLUTION BY THE STATE COURT UPON REMAND**

Because the Court has declined to exercise jurisdiction over the supplemental state law claims and is remanding the case, the Court declines to address the portion of the Plaintiffs' Motion that requests amendment of their Complaint to add an additional party – *i.e.*, proposed Plaintiff Cynthia Frantz.  (Doc. 6 at 4, 11-12.)  The Court believes that the issue should be left for resolution by the Lorain County, Ohio Court of Common Pleas upon remand and expresses no opinion on the merits of the arguments raised by the parties.[6]

---

[6] The Court, however, is troubled by the tone of the Plaintiffs' arguments addressing this issue in their reply, wherein the Plaintiffs use inappropriate language to disparage the ODA's legal position.  (Doc. 10 at 11 ("Outside the office of the Ohio Attorney General's volunteer law clerk, it is widely understood that the criteria for determining whether a plaintiff should be permitted to amend his complaint is not whether the plaintiff's *proposed* complaint states a claim upon which relief could be granted.") (emphasis in original).)  The Plaintiffs (and, indeed, all parties) must show proper respect for one another and the Court and should disagree only in a considerate (albeit potentially vigorous) manner.  Arguing in a hostile fashion to the Court or making derogatory remarks towards an opponent is most assuredly an exercise in *futility*, particularly when one might not have a full understanding of the applicable law.  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

-10-

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' Motion (Doc. 6) is **GRANTED IN PART**. Specifically, the Court orders that:  (1) the Plaintiffs shall be permitted to amend their Complaint to eliminate their federal causes of action; (2) the case shall be remanded to the Lorain County, Ohio Court of Common Pleas; and (3) the Plaintiffs' Motion – to the extent that it seeks to amend their Complaint to add an additional party – is left for resolution by the state court upon remand.

**IT IS SO ORDERED.**

*/s/Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  July 6, 2009**